UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv- 00166-FDW

| | |
|---|---|
| TERRANCE JAVARR ROSS, )<br>*also known as* TERRENCE JAVARR ROSS, )<br>)<br>**Petitioner,** )<br>)<br>vs. )<br>)<br>MIKE SLAGLE, )<br>)<br>**Respondent.** )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court upon initial review of pro se Petitioner Terrance Javarr Ross's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. Nos. 1, 3.) Also before the Court are Petitioner's Motion to Appoint Counsel (Doc. No. 5), Motion for Discovery (Doc. No. 6), Amended Motion for Discovery (Doc. No. 7), and "Amendment Additional Claim" (Doc. No. 8).

    **I.**    **BACKGROUND**

Petitioner is a prisoner of the State of North Carolina who, on September 22, 2008, was indicted by a Cleveland County grand jury on two counts of possession of a firearm by a convicted felon. State v. Ross, 794 S.E.2d 289, 290 (2016). On October 14, 2010, while he was incarcerated by the North Carolina Department of Public Safety ("NCDPS"), formerly the Department of Correction ("DOC"), Petitioner filed a request under N.C.G.S. § 15A–711(c) in the Cleveland County Superior Court, to proceed with 17 pending charges in Cleveland County, including the two firearms possession charges – cases 08CRS4060 and 08CRS4061. See Oct. 14, 2010 Let. to Clerk (Doc. No. 1-1 at 14-15).

Section 15A–711 provides procedures for securing attendance at hearings and trials of

criminal defendants who are incarcerated in correctional institutions within the State. Under § 15A-711(c), "[a] defendant who is confined in an institution in this State pursuant to a criminal proceeding and who has other criminal charges pending against him" may file a written request "with the clerk of the court where the other charges are pending" to "require the prosecutor prosecuting such charges to proceed pursuant to [§ 15A–711(a)]." § 15A–711(c). The defendant also must serve the prosecutor with the request, and "[i]f the prosecutor does not proceed pursuant to [§ 15A–711](a) within six months from the date the request is filed with the clerk, the charges must be dismissed." Id. To "proceed pursuant to [§ 15A–711(a)]," the prosecutor must make a written request of the custodian of the institution where the defendant is confined for temporary release of the defendant for trial"; the temporary release may not exceed 60 days. See § 15A–711(a).

According to Petitioner, in the 180-day period following his § 15A–711(c) request, he was brought back to Cleveland County in October 2010 on unrelated charges, and the prosecutor submitted a writ of habeas corpus ad prosequendum to the DOC on December 23, 2010, on January 3, 2011, and on March 30, 2011 to secure Petitioner's presence for trial in case 09CRS53903 (attempted bribery of a juror). See Am. § 2254 Pet. (Doc. No. 1) at 7. Petitioner asserts that the prosecutor did not submit any writ to the DOC during that 180-day period for cases 08CRS4060 and 08CRS4061 and that he was not brought back to Cleveland County on the firearms charges until his plea hearing in August 2014. See id.

On August 5, 2014, Petitioner entered an Alford plea of guilty in cases cases 08CRS4060 and 08CRS4061. At that time, the State and Petitioner agreed to the following terms of the plea arrangement:

2

> In exchange for pleas of guilty to two counts of possession of a firearm by a convicted felon, the State agrees to consolidate the charges into one Class G felony for sentencing with the defendant receiving an active sentence of 24–29 months[.]
>
> The State further agrees to dismiss all remaining charges pending against the defendant in Cleveland County.
>
> The sentence in these cases will run at the expiration of any sentence being served.

Ross, 794 S.E.2d at 290.

After Petitioner tendered his guilty plea, the following colloquy occurred among Petitioner, defense counsel, and the trial court:

> [DEFENSE COUNSEL]: . . . You can see from the transcript [defendant] has a lot of irons in the fire over here in Cleveland County, Your Honor. That's why we chose to go forward today. He feels that given all he has going on, even though there may be some holes in this case that would have benefited him at trial, the big picture he feels it's in his best interest to resolve these matters in this fashion even though he's serving a lengthy sentence, and this will add time to that. He's prepared to accept that responsibility to get the benefit of clearing all these cases up. We'd ask you to accept the plea based on that, Your Honor. . . .
>
> ....
>
> THE DEFENDANT: Your Honor, I just want to go on record saying that I had previously filed a 15 7—15A 711 request, and then I followed up with a motion that was never answered with the Court, and I feel like due to that fact, *it's in my best interest to plead guilty today.*
>
> [DEFENSE COUNSEL]: The motion was never heard, Your Honor. I think that's what he's saying. Given the uncertainty of it, he feels it's in his best interest to go forward in this fashion, Your Honor.
>
> THE COURT: So you're abandoning whatever was—
>
> THE DEFENDANT: No. I just want to put on record that it was made for appeal purposes. They can't say that I abandoned the whole issue with the motion. I'm saying that I filed it previously, then I brought it up with the motion that was never answered by the Court.
>
> THE COURT: What are you talking about? A speedy trial motion?
>
> THE DEFENDANT: No. It's just a motion to proceed.

>THE COURT: Oh, I see what you're saying.
>
>THE DEFENDANT: Yes.
>
>THE COURT: Okay.
>
>THE DEFENDANT: I had filed them previously within 180 days, and they didn't comply so I filed a motion to dismiss which was never heard. So after it's been so long—at this time, *that's my best option to just go on and plead guilty*. I'll pursue that later on. I just want to leave that.
>
>THE COURT: Well, I don't know for certain, but the fact that you're proceeding now, you may not be able to proceed on that issue.
>
>THE DEFENDANT: *If that's the choice, I just want to have it on record. If that's the choice—if I can't later on, I just wanted to put it on there just in case later on in the process, they don't say that I didn't bring it up before I was sentenced.*
>
>THE COURT: Okay.
>
>[DEFENSE COUNSEL]: I explained that to him as well, Your Honor, take whatever, if anything happens, it happens. If it doesn't, it doesn't.
>
>THE COURT: Okay. All right. With all that, it's still your choice to go ahead?
>
>[THE DEFENDANT]: Yes. Yes, sir.
>
>THE COURT: All right. I just wanted to make sure that was clear.

Id. at 290-291 (emphases in original). The trial court accepted Petitioner's guilty plea and sentenced him to twenty-four to twenty-nine months in prison. Petitioner gave notice of appeal the same day he entered his guilty plea.

On August 15, 2014, Petitioner filed a pro se motion for appropriate relief ("MAR") in the trial court arguing that it lacked jurisdiction over the case. See id. at 291. Specifically, Petitioner argued that because the State failed to proceed as required by § 15A–711(c) after his written request to do so, the trial court should have dismissed the charges against him. See id.

The trial court entered an order on August 20, 2014 denying Petitioner's MAR. See id. The court concluded that Petitioner waived all claims he may have had under section 15A–711

4

when he entered his guilty plea; that it had jurisdiction over Petitioner; and that Petitioner's constitutional and statutory rights were not violated by the entry and acceptance of his guilty plea. Id. The record does not indicate Petitioner noted an appeal from the denial of his MAR, but on February 27, 2015, Petitioner filed a petition for writ of certiorari ("PWC") to the North Carolina Court of Appeals ("NCCOA"), arguing that: (1) there was an insufficient factual basis to support a plea of guilty on one of his charges; (2) the trial court should have dismissed the charges on the basis that the State violated § 15A–711; and (3) the trial court erred in its denial of his MAR based on the State's violation of § 15A–711. See Ross 794 S.E.2d at 291.

In an unpublished opinion entered on August 4, 2015, the NCCOA dismissed Petitioner's direct appeal because he had no right of appeal from the trial court's acceptance of his guilty plea. State v. Ross, 776 S.E.2d 897, 2015 WL 4620517 (N.C. Ct. App. 2015). Although neither party had briefed the issue, the NCCOA allowed Petitioner's February 27. 2015 PWC to review the question of whether he entered his guilty plea knowingly and voluntarily. Ross, 794 S.E.2d at 291. After reviewing the plea hearing transcript, the NCCOA held that Petitioner conditioned his plea on the appealability of a non-appealable issue (i.e. whether the State had complied with § 15A–711(c)), and that the plea, therefore, "was not entered knowingly and voluntarily." Id. at 292 (quoting Ross, 776 S.E.2d 897, 2015 WL 4620517, at *2). The NCCOA did not address any of the claims raised in Petitioner's PWC on the merits but vacated the trial court's judgment and remanded for further proceedings. Id.

The North Carolina Supreme Court ("NCSC") allowed the State's petition for discretionary review and, in an opinion issued on December 21, 2016, reversed the decision of the NCCOA. Id. at 293. The NCSC concluded that Petitioner had pleaded guilty knowingly and voluntarily. See id.

5

Petitioner filed a § 2254 habeas petition in this Court on December 12, 2017. See § 2254 Pet., Ross v. Slagle, No. 1:17-cv-00344-FDW (W.D.N.C.), Docket Entry ("D.E.") 1. He raised a single ground for relief – that he was denied his right to due process when the trial court failed to dismiss the two firearm possession charges after the State violated the provisions of N.C. Gen. Stat. § 15A-711. On May 29, 2018, the Court entered an Order dismissing the § 2254 petition without prejudice for failure to exhaust the due process claim in the state courts. See Order on Dec. 2017 § 2254 Pet. at 5-6, id. at D.E. 10. Specifically, the Court found that Petitioner had raised his § 15A-711 claim in his February 27, 2015 PWC only as a violation of state law and not as a federal constitutional violation. See id.

Petitioner then returned to the state courts, and on June 28, 2018, he filed an MAR in the Cleveland County Superior Court claiming he was denied his right to due process when the trial court failed to dismiss the two firearm possession charges after the State violated the provisions of § 15A-711. See May 28, 2019 § 2254 Pet. (Doc. No. 1) at 4. The trial court denied the MAR on July 10, 2018, see id., and on September 26, 2018, Petitioner filed a PWC in the NCCOA seeking review of the trial court's denial of his MAR. The NCCOA dismissed the PWC on October 1, 2018, for failure to attach adequate supporting documents as required by North Carolina Rule of Appellate Procedure 21(c) ("N.C.R. App. P. 21(c)"). See Docket Sheet, State v. Ross, P18-673 (N.C. Ct. App.), D.E. 1.[1]

Petitioner filed the instant § 2254 Petition on May 28, 2019, claiming he was denied his right to due process when the trial court failed to dismiss the two firearm possession charges after the State violated the provisions of § 15A-711. See Am. § 2254 Pet. (Doc. No. 1) at 7-8.

---

[1] Available at N.C. Judicial Branch, Court of Appeals, https://www.nccourts.gov/courts/court-of-appeals, (search Docket Sheets, search P18-673) (last viewed Mar. 4, 2020).

He filed an amendment to the Petition on June 16, 2019 to add "newly discovered evidence." (Doc. No. 3.) On September 25, 2019, Petitioner filed another document titled "Amendment Additional Claim," in which he attempts to add a second ground for relief, specifically that his Alford plea was not made knowingly, intelligently and voluntarily. (Doc. No. 8.)

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. In conducting its review under Rule 4, the court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d). Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). The court may dismiss a petition as untimely under Rule 4, however, only if it is clear that the petition is untimely, and the petitioner had notice of the statute of limitations and addressed the issue. Id. at 706–707.

## III. DISCUSSION

### A. Amended § 2254 Petition (Doc. Nos. 1, 3)

Petitioner claims the State violated his right to due process when it failed to comply with N.C. Gen. Stat. § 15A–711(c) (2015). Petitioner contends that through its enactment of § 15A–711, North Carolina created a liberty interest entitling defendants to dismissal of the relevant charges against them when the State fails to comply with § 15A–711(c). He alleges he has newly discovered evidence that the State failed to comply with § 15A–711(c) for the firearms possession charges. Consequently, he argues, the trial court violated his right to due process when it failed to dismiss the charges.

#### 1. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. See § 2244(d)(1)(A).[2] The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Judgement in Petitioner's case was entered on August 5, 2014, when he was sentenced. The NCSC issued its opinion on December 21, 2016. Petitioner then had 90 days to file a petition for writ of certiorari to the U.S. Supreme Court. See Sup. Ct. R. 13(1) (requiring that a petition for certiorari be filed within ninety days of entry of judgment by state court of last resort or of the order denying discretionary review). Because he did not file a PWC to the U.S. Supreme Court, Petitioner's conviction became final on or about March 11, 2017, when the time for filing such a PWC expired. See § 2244(d)(1)(A).

The federal statute of limitations then ran for 365 days until it fully expired on or about March 11, 2018, more than a year before he filed the instant § 2254 habeas Petition. Petitioner's June 28, 2018 MAR in the state courts did not toll or restart the federal statute of limitations. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000) (recognizing that state applications for collateral review cannot revive an already expired federal limitations period). Nor did Petitioner's December 2017 § 2254 petition toll the statute of limitations. See § 2244(d)(2) ("The limitations period is tolled during the pendency of a properly filed *state* post-conviction action." (emphasis added)). Thus, absent equitable tolling, Petitioner's due process claim is

---

[2] There are three alternate start dates for the statute of limitations. See § 2244(d)(1)(B)-(D). However, the facts alleged in the Amended Petition do not support application of one or more of those alternate dates.

time-barred under § 2244(d)(1)(A).

Equitable tolling of the statute of limitations is available, however, only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

Petitioner contends he is entitled to equitable tolling of the statute of limitations because: 1) he has been diligently trying since August 2014 to obtain copies of writs issued between October 14, 2010 and April 13, 2011 to produce him for trial in the cases listed in his October 14, 2010 § 15A–711(c) request or an acknowledgement by someone that no such writs were issued; 2) the State repeatedly argued in the state courts that it had complied with § 15A–711(c) with respect to cases 08CRS4060 and 08CRS4061; and 3) he has newly discovered evidence demonstrating that the State did not comply with § 15A–711(c). See Am. § 2254 Pet. (Doc. No. 1) at 17-20. Petitioner's assertions of diligence are unpersuasive. His June 28, 2018 letter to the Cleveland County Superior Court Clerk requesting copies of writs issued for cases 08CRS4060 and 08CRS4061 was answered within a few months,[3] as were his inquirie of the NCDPS about

---

[3] Petitioner filed a copy of this letter and the clerk's response as an exhibit to a December 2018 § 2254 petition challenging a different set of Cleveland County convictions. See § 2254 Pet. at 30, Ross v. Slagle, No. 1:18-cv-00354-FDW (W.D.N.C.), D.E. 1.

the existence of the same.[4] Petitioner did not make the requests of the NCDPS until 2019.

Furthermore, the Court has read the State's appellate briefs regarding Petitioner's February 27. 2015 PWC, and contrary to Petitioner's assertions, the State did not argue that it had complied with Petitioner's § 15A–711(c) request. The State argued in the NCCOA that there was nothing in the record on appeal showing Petitioner had made such a request or that he had filed a motion to dismiss the charges based on the State's failure to comply with his § 15A–711(c) request. See State's Resp. to Feb. 27, 2015 PWC, State v. Ross, No. COA15-87, 2015 WL 1500854 (N.C. Ct. App. filed Mar. 27, 2015). Petitioner, however, had a file-stamped copy of his § 15A–711(c) request, which he could have had appellate counsel include in the record on appeal but evidently did not, and in the NCSC, the State acknowledged there was a file-stamped copy in the record on appeal of a pre-plea pro se motion to dismiss the firearms charges, see State's Reply Br., State v. Ross, No. 297PA15, 2016 WL 2348118, at **8-9 n.1 (N.C. filed April

---

[4] Petitioner's newly discovered evidence consists of the following:

1. A response to his June 28, 2018 letter to the Cleveland County Superior Court Clerk asking for certified copies of any writ of habeas corpus ad prosequendum for cases 08CRS4060 and 08CRS4061 between October 14, 2010 and April 13, 2011; the response states: "I do not see any papers regarding 'Habeas Corpus & Prosequendom [sic].'" June 28, 2018 Let. to Clerk of Court (Doc. No. 1 at 21);

2. A response to his March 25, 2019 NCDPS Inmate Request Form ("IRF") asking if the NCDPS had a record of a writ of habeas corpus ad prosequendum for cases 08CRS4060, 08CRS4061, 09CRS53906 and 09CRS53907 between October 14, 2010 and April 13, 2011; the response states: "There is no WRIT from that time frame on any of these charges." See Mar. 25, 2019 IRF (Doc. No. 1 at 23); and

3. A May 29, 2019 response from Petitioner's prison case manager to Petitioner's May 28, 2019 IRF asking if NCDPS records show any writs for charges 08CRS4060, 08CRS4061, 09CRS53906 and 09CRS53907 issued from October 14, 2010 to April 13, 2011; the response from the case manager was: "There is a WRIT for 08CRS4060 and 08CRS4061 dated 11/30/15 and 05/13/13. 08CRS4060 also has WRIT dated 08/04/14 and 07/15/13. No WRIT's[sic] at all for the other docket #'s." See May 28, 2019 IRF (Doc. No. 3 at 7-8).

29, 2016).

In sum, Petitioner has failed to demonstrate that he has been diligently pursuing his rights in the state courts, and he has not identified any extraordinary circumstance that stood in his way of timely filing a § 2254 petition. Consequently, he is not entitled to equitable tolling, and his Amended § 2254 Petition is barred by the statute of limitations, see § 2244(d)(1)(A).

### 2. Exhaustion

Petitioner has failed to exhaust his due process claim in the state courts. Under the AEDPA, a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal district court. 28 U.S.C. § 2254(b)(1)(A). That is, he must provide the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented through a habeas petition in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). "A habeas petitioner satisfies the exhaustion requirement by 'fairly present[ing] his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim.'" Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017) (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)). "Fair presentation" requires a petitioner to show "that 'both the operative facts and the controlling legal principles [were] presented to the state court.'" Jones v. Sussex I State Prison, 591 F.3d 707, 713 (4th Cir. 2010) (quoting Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000)). Furthermore, the prisoner must present the federal claim to *all* appropriate state courts, including the highest appellate court established to review such a claim. See O'Sullivan, 526 U.S. at 845 (emphasis added).

In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement by directly appealing his conviction and/or sentence to the NCCOA and then petitioning the NCSC for discretionary review, or by filing a post-conviction MAR in the trial court and then petitioning

11

the NCCOA for a writ of certiorari. See N.C. Gen. Stat. § 7A–31; N.C. Gen. Stat. § 15A–1422. Petitioner asserts that he raised the substance of his due process claim in his 2018 MAR and subsequent PWC to the NCCOA. See Am. § 2254 Pet. (Doc. No. 1) at 6, 9.

The record before this Court shows, however, that the NCCOA dismissed Petitioner's PWC for failing to comply with N.C. R. App. P. 21(c).[5] See Docket Sheet, State v. Ross, P18-673 (N.C. Ct. App.), D.E. 1. By failing to provide the NCCOA the supporting documents required by N.C. R. App. P. 21(c), Petitioner did not provide that court a full opportunity to resolve his federal claim. Consequently, he did not to exhaust his due process claim in the state courts. See O'Sullivan, 526 U.S. at 845.

### 3. Procedural Default

When "a habeas petitioner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred," the claims are procedurally defaulted on federal habeas review.[6] Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). A federal habeas court will not review a claim that is procedurally defaulted absent a showing of cause and prejudice to excuse the default, or that a fundamental miscarriage of justice will occur if the habeas court declines to review the claim. See Wright v. Angelone, 151 F.3d 151, 160 (4th Cir. 1998). To show cause, a petitioner must show "that some objective factor external to the

---

[5] Rule 21(c) of the N.C. R. of App. P. requires in relevant part that the PWC contain "certified copies of the judgment, order, or opinion or parts of the record which may be essential to an understanding of the matters set forth in the petition." Id.

[6] If Petitioner returned to the state courts and attempted to exhaust this claim now, it would be procedurally barred. See N.C. R. App. P. 21(c) ("In the event the petitioner unreasonably delays in filing the petition or otherwise fails to comply with a rule of procedure, the petition shall be dismissed by the court."); N.C. Gen. Stat. §§ 15A-1419(a)(2)-(3), (e).

12

defense impeded [the petitioner's or] counsel's efforts to comply with the State's procedural rule," Murray v. Carrier, 477 U.S. 478, 488 (1986), or that "the factual or legal basis for the claim was not reasonably available to the claimant at the time of the state proceeding," Roach v. Angelone, 176 F.3d 210, 222 (4th Cir. 1999). "Alternatively, [a p]etitioner may prove that failure to consider the claims will result in a fundamental miscarriage of justice." McCarver v. Lee, 221 F.3d 583, 588 (4th Cir. 2000) (citation omitted). A fundamental miscarriage of justice equates to the conviction of someone who is actually innocent.

Although he makes the argument in the context of the timeliness of his petition, Petitioner puts forth an "actual innocence" argument related to his evidence that the State did not comply with § 15A–711(c). See Am. § 2254 Pet. (Doc. No. 1) at 17-20. "Actual innocence," however, requires "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). Under the limited "actual innocence" exception, "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ [of habeas corpus] even in the absence of a showing of cause for the procedural default." Murray, 477 U.S. at 496. "In other words, a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." McQuiggin v. Perkins, 569 U.S. 383, 393 (2013). This fundamental miscarriage of justice exception is grounded on the "equitable discretion" of habeas courts to see that "federal constitutional errors do not result in the incarceration of innocent persons." Herrera v. Collins, 506 U.S. 390, 404 (1993). To make such a showing, a petitioner must demonstrate that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup v. Delo, 513 U.S. 298, 324 (1995). In order to show "actual innocence," then, the petitioner "must

13

demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." United States v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999) (citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)); see also Bousley, 523 U.S. at 623.

Petitioner's newly discovered evidence, see footnote 4, supra, does not show that he did not possess firearms as a convicted felon. His evidence demonstrates only that the State may not have complied with his October 14, 2010 § 15A–711(c) request. In other words, Petitioner's evidence does not show he is factually innocent of the crimes to which he pled guilty. Accordingly, the fundamental miscarriage of justice exception does not excuse the procedural default of his due process claim.

### B. Additional Claim (Doc. No. 8)

Petitioner has filed a document titled "Amendment Additional Claim," see Doc. No. 8, in which he requests that the Court grant his amendment to add a second claim. As is relevant here, Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading once as a matter of course within 21 days of serving it. See Fed. R. Civ. P. 15(a)(1) (allowing amendment once as a matter of course in two situations). In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. See id. at Rule 15(a)(2).

The Court has not ordered that Respondent be served in this action. Nevertheless, Petitioner already amended his Petition once as a matter of course when he filed his "Amendment: Newly Discovered Evidence," see Doc. No. 3.

"The court should freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2). A request to amend should be denied, however, if "the amendment would be

14

prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 379 (4th Cir. 2012).

Petitioner seeks to add a claim that his guilty plea was not knowing, intelligent and voluntary. (Doc. No. 8.) The amendment would be futile because that claim is barred by the statute of limitations. See § 2244(d)(1)(A); see also Fed. R. Civ. P. 15(c). As explained, supra, the federal statute of limitations expired on or about March 11, 2018, more than a year before Petitioner filed the instant § 2254 habeas Petition. Accordingly, Petitioner's request to add the new claim to his habeas Petition shall be denied.

### III. CONCLUSION

For the foregoing reasons, the Amended § 2254 Petition is untimely and procedurally defaulted. Petitioner's request to add a new claim would be futile, as the claim is untimely.

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DISMISSED with prejudice** as untimely and procedurally barred;

2. Petitioner's Motion to Appoint Counsel (Doc. No. 5) is **DENIED**;

3. Petitioner's Motion for Discovery (Doc. No. 6) and Amended Motion for Discovery (Doc. No. 7) are **DENIED**;

4. Petitioner's request/motion to add a new claim (Doc. No. 8); is **DENIED**; and

5. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate

that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: March 6, 2020

Frank D. Whitney
Chief United States District Judge